**EXHIBIT B**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
--------------------------------------------------------

JONATHAN B. WILE
211 Sherbrooke Avenue,
Williamsville, New York 14221,

                     Plaintiff,

-vs-

JAMES RIVER INSURANCE COMPANY
6641 West Broad Street, Suite 300
Richmond, Virginia 23230,

                     Defendant.
--------------------------------------------------------

**SUMMONS**

Index No. _____

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED and required to serve upon the plaintiff's attorneys at their address stated below, an answer to the attached complaint.

    If this summons was personally delivered to you in the State of New York, the answer must be served within twenty (20) days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment will be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

    The plaintiff designates Erie County as the place of trial; the basis of venue is the residence of the plaintiff, which is noted on the face of this summons.

This summons was filed on the date shown above with the Clerk of the Court in which this action is brought and assigned the above Index Number.

DATED: Buffalo, New York
November 20, 2017

*signature*

John T. Loss, Esq.
CONNORS LLP
Attorneys for Plaintiff,
 JONATHAN B. WILE
1000 Liberty Building
Buffalo, New York 14202
(716) 852-5533

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
--------------------------------------------------------
JONATHAN B. WILE,

       Plaintiff,     **COMPLAINT**

               Index No. _____

-vs-

JAMES RIVER INSURANCE COMPANY,

       Defendant.
--------------------------------------------------------

  The plaintiff, JONATHAN B. WILE, by his attorneys, CONNORS LLP, for his complaint alleges that:

  1. At all times herein, the plaintiff, JONATHAN B. WILE, was and is a resident of the Town of Amherst, County of Erie, and State of New York.

  2. Upon information and belief, the defendant, JAMES RIVER INSURANCE COMPANY ("JAMES RIVER"), was and is an insurance company duly qualified to transact business and to issue insurance policies in the State of New York, with an office located at 6641 West Broad Street, Suite 300, Richmond, Virginia 23230.

  3. At all times relevant hereto, in exchange for good and valuable consideration, the defendant, JAMES RIVER, agreed to provide automobile insurance, including Supplementary Uninsured/Underinsured Motorist ("SUM") coverage, covering the plaintiff.

4. More specifically, the plaintiff is afforded SUM coverage pursuant to an insurance contract with the defendant, JAMES RIVER, under the policy number CA43600001-1.

5. Policy number CA43600001-1 expressly provides for New York SUM coverage with limits of $1,000,000 per person.

6. At approximately 12:13 a.m. on June 22, 2014, and within a period for which the defendant, JAMES RIVER, agreed to provide SUM coverage, the plaintiff, JONATHAN B. WILE, was injured in a motor vehicle collision.

7. As a result of the collision of June 22, 2014, the plaintiff, JONATHAN B. WILE, suffered serious injury as defined by New York State Insurance Law § 5102(d).

8. The collision of June 22, 2014 was caused solely by the negligence, carelessness and/or recklessness of the driver of the other vehicle, Howard Patton III, without any negligence on the part of the plaintiff.

9. As a result of the foregoing, and solely as a result of the negligence, carelessness and/or recklessness of Howard Patton III, the plaintiff, JONATHAN B. WILE, has been damaged in an amount well in excess of the available SUM limit of $1,000,000.

10. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## FOR A FIRST CAUSE OF ACTION

11. The plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

12. The plaintiff's injuries are compensable pursuant to the terms and conditions of the above mentioned insurance contract issued by the defendant, JAMES RIVER.

13. On March 25, 2015, the plaintiff, JONATHAN B. WILE, spoke with Michelle R. Gratz, claims examiner for the defendant, JAMES RIVER, notifying it of the motor vehicle collision on June 22, 2014.

14. Michelle R. Gratz, claims examiner for the defendant, JAMES RIVER, confirmed in writing on March 25, 2015 to the plaintiff, JONATHAN B. WILE, that the JAMES RIVER policy at issue provided SUM coverage in the amount of $1,000,000.00 per occurrence.

15. On June 23, 2015, the defendant, JAMES RIVER, was placed on notice of a potential SUM claim by means of a letter mailed to James River Insurance Company, Claims Department, 6641 West Broad Street, Suite 300, Richmond, Virginia 23230.

16. The plaintiff, JONATHAN B. WILE, settled his claim against Howard Patton III for $50,000, the full amount of insurance coverage available to Mr. Patton under a policy issued to Mr. Patton by USAA General Indemity Company ("USAA").

17. USAA also had insured the plaintiff, JONATHAN B. WILE, under an automobile policy that contained a SUM provision.

18. The plaintiff, JONATHAN B. WILE, made a SUM claim against USAA and settled that claim for $50,000, the full amount of insurance coverage available to the plaintiff under his policy with USAA.

19. Before settling his claim against Mr. Patton and his SUM claim against USAA, plaintiff, JONATHAN B. WILE, through his attorney, obtained e-mailed written consent from Barbara Jones, claims examiner for the defendant, JAMES RIVER, on October 13, 2016.

20. As a result of the foregoing and pursuant to the terms and provisions of policy number CA43600001-1, issued by the defendant, JAMES RIVER, the plaintiff, JONATHAN B. WILE, was and is entitled to compensation from the defendant, JAMES RIVER, in the amount of $900,000 plus interest.

21. The plaintiff, JONATHAN B. WILE, has demanded payment of the amount due to him under the policy.

22. The defendant, JAMES RIVER, has refused to pay the full and fair amount due to the plaintiff under the policy.

23. The failure of the defendant, JAMES RIVER, to pay the amount due under the policy constitutes a breach of contract.

24. As a result of the foregoing, the plaintiff, JONATHAN B. WILE, has been damaged in the amount of $900,000 plus interest.

## FOR A SECOND CAUSE OF ACTION

25. The plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

26. On March 9, 2017, the plaintiff's attorney provided the defendant, JAMES RIVER, via secure e-mail, with a copy of the plaintiff's medical records and synopsis of the plaintiff's claim and made a demand for the full available SUM policy limit of $900,000.

27. On March 13, 2017, Barbara Jones, claims examiner for the defendant, JAMES RIVER, confirmed via e-mail that she had received all documents and links that were previously e-mailed to her on March 9, 2017.

28. On April 7, 2017, the plaintiff's attorney e-mailed additional copies of medical records to the defendant, JAMES RIVER.

29. On April 18, 2017, the defendant, JAMES RIVER, requested additional authorizations, medical records, tax returns, photographs of the incident, as well as any recorded statements that were given by the plaintiff, JONATHAN B. WILE, as a result of the investigation into the June 22, 2014, collision.

30. The plaintiff's attorney responded on June 15, 2017 by e-mailing copies of authorizations, medical records, photographs of the collision, and a copy of the accident report to the defendant, JAMES RIVER, and requested to discuss settlement of this matter.

31. Further efforts subsequently made by the plaintiff's attorney have failed to resolve this matter with the defendant, JAMES RIVER.

32. The defendant, JAMES RIVER, owes the plaintiff, JONATHAN B. WILE, a duty of good faith and fair dealing in connection with the performance of its obligations under the contract it issued.

33. The plaintiff has made repeated good-faith efforts to settle his underinsurance claim with the defendant.

34. Because of the bad faith of the defendant, the plaintiff has been forced and compelled to institute this lawsuit to recover the amounts due under the policy and to pay the costs associated with bringing and prosecuting this lawsuit.

35. As a result, the plaintiff, JONATHAN B. WILE, is entitled to the costs and disbursements, including attorney's fees, associated with bringing and prosecuting this action as well as consequential damages to be determined at the time of trial.

## FOR A THIRD CAUSE OF ACTION

36. The plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

37. Upon information and belief, the defendant, JAMES RIVER, has exhibited a pattern of deceptive acts and unfair practices as defined by New York General Business Law aimed at taking advantage of the unequal positions of the insurer to the insureds with respect to claims under the SUM provision of its contracts.

38. Upon information and belief, the defendant, JAMES RIVER, has exhibited a pattern of deceptive acts and unfair practices through the existence of

an unfair claim settlement policy designed to deceive and unjustifiably delay payment to SUM policyholders.

39. Upon information and belief, the defendant, JAMES RIVER, has exhibited a pattern of deceptive acts and unfair practices that are consumer oriented and directed at the public, including the plaintiff, JONATHAN B. WILE.

40. Upon information and belief, the defendant, JAMES RIVER, has also demonstrated a pattern of deceptive acts by failing to engage in any sort of meaningful settlement discussions with plaintiffs like JONATHAN B. WILE.

41. Upon information and belief, the defendant has exhibited a pattern of unfair practices of avoiding SUM claims by making repeated requests for the same documents, failing to promptly obtain documents with authorizations provided, failing to make good-faith settlement offers, and otherwise delaying the processing of SUM claims.

42. Upon information and belief, this deceptive and unfair claims settlement process is a conscious campaign calculated to delay and avoid payment of SUM claims.

43. The actions of the defendant, JAMES RIVER, were misleading in a material way to the plaintiff, JONATHAN B. WILE.

44. The aforesaid deceptive and unfair practices of the defendant, JAMES RIVER, were the proximate cause of damages to the plaintiff, JONATHAN B. WILE.

45. As a result of the defendant, JAMES RIVER's, breach of its duty of good faith and fair dealing, the plaintiff, JONATHAN B. WILE, is entitled to the cost and disbursements, including attorney's fee, associated with bringing and prosecuting this action as well as consequential damages to be determined at the time of trial.

WHEREFORE, the plaintiff, JONATHAN B. WILE, demands judgment against the defendant, JAMES RIVER, in an amount of $900,000, plus interest, as well as for consequential damages to be determined at the time of trial, with the costs and disbursements of this action, including attorney's fees, and for such other and further relief as this Court may deem just and proper.

DATED:  Buffalo, New York
        November 20, 2017

                                    _____
                                    John T. Loss, Esq.
                                    CONNORS LLP
                                    Attorneys for Plaintiff,
                                     JONATHAN B. WILE
                                    1000 Liberty Building
                                    Buffalo, New York 14202
                                    (716) 852-5533

808020