UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JONATHAN B. WILE,

                     Plaintiff,

        - against -

JAMES RIVER INSURANCE COMPANY,

                    Defendant.
-----------------------------------------------------------------x

Civil Action No.: 1:17-cv-01275-WMS-HKS

**EXPERT WITNESS**
**DISCLOSURE**

**PLEASE TAKE NOTICE** that pursuant to Rule 26 of the Federal Rules of Civil Procedure, defendant, **JAMES RIVER INSURANCE COMPANY,** hereby provides the report of expert, ELLIOTT G. GROSS, M.D., a copy of which is annexed hereto as **Exhibit "A"**, which contains the findings of Dr. Gross regarding the examination of the plaintiff on October 5, 2018.

1.     Dr. Gross is a neurosurgeon duly licensed to practice in the State of New York. Kindly refer to the *Curriculum Vitae*, regarding Dr. Gross's qualifications, inclusive of Dr. Gross' publications for the past ten (10) years which is annexed hereto as **Exhibit "B."**

2.     The subject matter, the substance of the facts and opinions and a summary of the grounds for these opinions about which Dr. Gross is expected to testify at trial are set forth in and/or shall be consistent with the aforementioned report attached hereto.

3.     Additionally, as a physician in the field of neurology/neurosurgery/brain, Dr. Gross will likely express an opinion as to the lack of causal relationship between the incident complained of and the injury or certain of the injuries and/or disability claimed herein; the lack of permanency and limitation, if any; and the lack of actual, serious or significant injury, if any. Dr. Gross will also be asked hypothetical questions and give opinions regarding same. Dr. Gross will answer questions regarding testimony and evidence elicited during the trial. Dr. Gross will

testify and provide opinions regarding testimony and evidence introduced at the time of trial. Dr. Gross will base his opinions upon his physical exam and his review of plaintiff's records maintained by the various treating hospitals, clinics, treatment centers and/or any other type of facility including, but not limited to, treatment records from any and all plaintiff's treating and/or examining physicians, reports of treatment, nurse's notes, physician assistant reports and notes, therapist records and notes, records from any centers of rehabilitation medicine, records from plaintiff's employer as to any and all matters which impact upon the condition of the plaintiff, no-fault and/or disability file records, accident reports, statements and records from any other relevant source; records from any medical personnel connected with plaintiff's pre-accident medical care as it may relate to nature, extent and duration of the conditions and/or disability alleged in the present action.

4.      Dr. Gross will base his opinion on x-rays, CT scans, MRI films, bone scans and any other radiological evidence whether or not it includes a contrast agent; laboratory tests and test results, materials taken from plaintiff in the form of tissue, bones, blood, etc.; pathology reports and the significance thereto; reports and notes of consultations with other physicians and medical personnel, notes, records and reports of attending and/or assisting physicians and medical personnel; evidence of medications taken, prescribed, refused or otherwise not taken and the significance and consequences thereof, if any; records and notes of rehabilitation centers or other post-incident rehabilitative measures undertaken or not undertaken by the plaintiff and the significance or lack of significance thereof; any and all other documents, films, samples, models, reports, notes, records, photographs, testimony or anything else which may be introduced into evidence at the time of the trial of this action normally relied upon by medical practitioners in the treatment, diagnosis, prognosis, or to form any opinion with respect to any medical condition. Dr. Gross will also base his opinions on his education, training and extensive experience in the

field of orthopedic surgery and medicine and is expected to answer hypothetical questions based upon the evidence admitted at Trial. The preceding shall apply without limitation and in the same manner regarding psychologists, social workers, therapists and any others involved in the care, treatment, diagnosis, prognosis of any and all physical as well as emotional psychological and/or psychiatric disorders, conditions or syndromes.

5.      With regard to Dr. Gross' prior testimony, his office has informed me that he did not retain any records or memorandum concerning any prior testimony at trial or depositions and therefore cannot recall same. A reasonable review of Westlaw reveals that Dr. Gross has given testimony in seven (7) cases within the last four (4) years.

6.      Dr. Gross' fee schedule is as follows: his fee for services to date is $5,375.00, and trial fee is $8,500 for half day and $10,000 for full day.

**PLEASE TAKE FURTHER NOTICE** that the defendant, **JAMES RIVER INSURANCE COMPANY,** reserves their right to amend this expert response in accordance with the Federal Rules of Civil Procedure.

Dated:  Huntington, New York
         October 12, 2018

By:

SOBEL PEVZNER, LLC

CURTIS SOBEL (CS-0964)
*Attorneys for Defendant:*
*JAMES RIVER INSURANCE COMPANY*
464 New York Avenue, Suite 100
Huntington, New York 11743
Tel: 631-549-4677
File No.: JR-14348

TO:     John T. Loss, Esq.
        CONNORS, LLP
        *Attorneys for Plaintiff:*
        *JONATHAN WILE*
        1000 Liberty Building
        Buffalo, NY 14202
        Tel: 716-852-5533